UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL D. MORIARTY<br>59 Berkshire Drive<br>Sewell, New Jersey 08080<br><br>    Plaintiff<br><br>    v.<br><br>PTL. JOSEPH DIBUONAVENTURA c/o WASHINGTON TOWNSHIP POLICE DEPARTMENT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY<br>1 McClure Drive<br>Sewell, New Jersey 08080<br><br>    And<br><br>WASHINGTON TOWNSHIP POLICE DEPARTMENT<br>1 McClure Drive<br>Sewell, New Jersey 08080<br><br>    And<br><br>JOHN DOES 1 TO 10<br><br>    Defendants | Civil Action:<br><br>**TRIAL BY JURY DEMANDED** |

CIVIL ACTION COMPLAINT

<u>CIVIL RIGHTS</u>

    Plaintiff, Paul D. Moriarty, by and through his undersigned attorneys, hereby alleges the following:

## PARTIES

1. Plaintiff, Paul D. Moriarty, is an adult resident of New Jersey who resides at 59 Berkshire Drive, Sewell, New Jersey 08080.

2. Defendant Washington Township Police Department is a municipal government entity organized under the laws of the State of New Jersey. It has the duty to properly recruit, hire, train, supervise, oversee, discipline, and monitor the police officers and Police Department of Washington Township and was responsible for their actions and activities as law enforcement officers.

3. At all times material hereto, the Defendant Washington Township Police Department acted through its agents, servants and/or employees and was responsible for their action as law enforcement officers.

4. At all times relevant to this action Defendant Patrolman Joseph DiBuonaventura was an adult individual employed as a police officer by the Washington Township Police Department.

5. At all times relevant to this action, Defendant DiBuonaventura was acting both individually and as an employee of the Washington Township Police Department acting under the color of state law as a police officer.

6. At all times relevant to this action, Defendant DiBuonaventura acted both individually and within the course and scope of his employment, pursuant to the customs, policies, practices and directions of the Washington Township Police Department.

## JURISDICTION AND VENUE

7. Plaintiff repeats each and every allegation contained in the prior paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

8. Plaintiff's claims arise under the United States Constitution 42 U. S. C. § 1983, the New Jersey Constitution Article I, Section 7, as well as other New Jersey state laws.

9. Jurisdiction of Plaintiffs federal claims is proper in this Court pursuant to 28 U.S.C. § 1331.

10. Plaintiff's state law claims arise out of the same controversy as the Federal civil rights claims and are proper before this Court pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

12. On July 31, 2012, Plaintiff Paul D. Moriarty was lawfully operating his car, a Nissan with license plate number "PM1" and a designation that he is a member of the N.J. General Assembly, on the Black Horse Pike in Washington Township, New Jersey.

13. Prior to the motor vehicle stop at issue in this civil complaint, Plaintiff had been at the United Auto Group business premises in a meeting with a salesman, the general manager John LaSala, and sales manager Ernest Calvello.

14. Upon his departure from the United Auto Group business premises, Plaintiff traveled to a Chik-Fil-A restaurant. At the restaurant, Plaintiff's vehicle was stopped by police Officer Joseph DiBuonaventura who asked the Plaintiff for his driving documents and accused him of violating traffic regulations by "cutting him off" and driving while intoxicated.

15. Officer DiBuonaventura conducted a "field sobriety test" at the scene. Although Plaintiff Moriarty satisfactorily completed the "test" he was nonetheless taken into custody by officer DiBuonaventura. Plaintiff was placed under arrested and transported to police headquarters in a police vehicle.

16. While Plaintiff was in Police custody at the Washington Township Police Administration Building, he was handcuffed, detained, and ultimately issued three (3) summonses which were as follows: Driving while Intoxicated in violation of N.J.S.A. 39:4-50; Refusal to Submit to a Breath Test in violation of N.J.S.A. 39:4-50.4A; and for Failing to Maintain Lane in violation of N.J.S.A. 39:4-88b.

17. Following the arrest, detention and filing of charges against Plaintiff, Officer DiBuonaventura authored and caused to file multiple official reports with the Washington Township Police Department concerning the stop, seizure, arrest, processing and filing of charges against Plaintiff.

18. Apparently unknown to Officer DiBuonaventura at the time of the stop, seizure and arrest of Plaintiff, was the fact that his patrol vehicle captured certain video images of the pursuit, stop, seizure and arrest of Plaintiff at a point earlier than at time when Officer DiBuonaventura believed would have been captured. The patrol vehicle video demonstrated that Officer DiBuonaventura's claims of any impropriety in Plaintiff's operation of his vehicle were false and that there was no basis for the stop, seizure and therefore ultimately arrest of Mr. Moriarty.

19. All charges filed against Plaintiff were ultimately dismissed by administrative action taken by the Office of the Gloucester County, New Jersey Prosecutor. The dash cam video evidenced that Officer DiBuonaventura's written and verbal descriptions as to the basis of the stop, seizure, arrest and subsequent filing of charges against Plaintiff were false.

20. At no time did Plaintiff operate his vehicle in a manner which would have caused Officer DiBuonaventura or any reasonable law enforcement officer to effectuate a legal stop and seizure, nor did Plaintiff commit any violations of the motor vehicle laws of the State of New

Jersey at the time that he was operating his vehicle on the date and place in question. There was no probable cause to stop and seize Plaintiff's vehicle by Officer DiBuonaventura, nor to effectuate a lawful arrest of Plaintiff and therefore, no basis issue any motor vehicle summonses or charges against Plaintiff.

21. The Defendant police officer had been hired, trained, supervised and monitored by the Washington Township Police Department with regard to performing his official duties and protecting the constitutional rights of Washington Township citizens.

22. The Defendant Washington Township Police Department, through its agents and employees, promulgated customs, policies, practices, ordinances, regulations, and directives with regard to the procedures for and prosecution of the Plaintiff.

23. The Defendant Washington Township Police Department had actual knowledge and constructive knowledge of the unlawful propensities of Officer Joseph DiBuonaventura prior to the incident at issue, and failed to adequate train, supervise and monitor the actions of Officer DiBuonaventura.

## COUNT I

### VIOLATION OF THE FOURTH AMENDMENT

24. The Defendant Police Officer Joseph DiBuonaventura acted with intent, malice, and bad faith when he committed the false arrest of Plaintiff, wrongfully detained him, and brought charges against him without probable cause.

25. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

26. The Defendants' actions against the Plaintiff violated Plaintiff's civil rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and the New Jersey State Constitution Article 1, Section 7.

27. Officer Joseph DiBuonaventura did not have probable cause to stop and/or arrest the Plaintiff and lacked a basis in law or fact to pursue charges against him. He intentionally and maliciously filed false written and verbal reports charging the Plaintiff Moriarty in reckless disregard of Plaintiffs Federal and State Constitutional rights.

28. Officer Joseph DiBuonaventura acted individually and in his official capacity as a police office of the Washington Township Police Department.

29. As a direct result of Defendants' conduct, the Plaintiff was seized and held on false charges. He suffered associated deprivations of liberty and as a direct and proximate result of the Defendants' actions, Plaintiff suffered damage to his reputation, serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, financial losses and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against the Defendants for compensatory and punitive damages as would reasonably and properly compensate him together with interest, attorneys' fees and costs of suit.

## COUNT II

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS

30. The Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

31. Without probable cause the Defendant DiBuonaventura charged the Plaintiff with offenses he did not commit. Both he and the Washington Township Police Department initiated a prosecution and continued to prosecute Plaintiff after the evidence in their possession clearly vindicated him and disclosed the falsity of the charges. This prosecution on false charges resulted in deprivations of to the Plaintiff continued prosecution.

32. The charges against the Plaintiff were dismissed after an unreasonable a period of time based upon the video proof of the falsity of the police reports which had been relied upon by Defendant Washington Township Police Department to continue the prosecution of charges against Plaintiff.

33. As a direct and proximate result of the Defendants' actions, the plaintiff suffered serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, financial loss and the loss of the enjoyment of life all to his great detriment and loss.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against the Defendants for such compensatory and punitive damages as would reasonably and properly compensate him together with interest, attorneys' fees and costs of suit.

### COUNT III

### MUNICIPAL LIABILITY: CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE POLICIES, PROCEDURES, AND CUSTOMS

34. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

35. The Defendant Washington Township Police Department established, knew of and acquiesced to policies, procedures, and customs that it knew, or should have known, would result in a violation of constitutional rights for New Jersey citizens.

36. The Defendant Washington Township Police Department acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, training and customs. It had no adequate policies to dismiss in a timely fashion the charges against Plaintiff after it learned them to have been false.

37. The Defendant Washington Township Police Department established inadequate policies, procedures, customs and supervisory monitoring systems with regard to an officer's traffic stops protocol and the grounds required to pursue charges against an individual.

38. As a result of The Defendant Washington Township Police Department's inadequate policies, procedures, and customs, Officer Joseph DiBuonaventura stopped an automobile and arrested Plaintiff. The Defendant Washington Township Police Department continued to file and prosecute false charges against the Plaintiff without probable cause.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against the Defendants for compensatory and punitive damages as would reasonably and properly compensate him together with interest, attorneys' fees and costs of suit.

## COUNT IV

## MUNICIPAL LIABILITY: CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE TRAINING & SUPERVISION

39. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

40. The Defendant Washington Township Police Department, failed to properly train, supervise, and monitor Officer Joseph DiBuonaventura as to the probable cause legal standard for a traffic stop and arrest and the steps to be taken when they discover it was without probable cause.

41. The actions and conduct of the Defendants Washington Township Police Department resulted in the malicious continuing prosecution of the Plaintiff beyond the time when it learned of the video evidence which completely exonerated Plaintiff.

42. As a result of The Defendant Washington Township Police Department's inadequate training, supervision, monitoring it is liable both directly and vicariously for the false and unconstitutional arrest and continuing prosecution of Plaintiff in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution and Article 1, Section 7 of the New Jersey Constitution.

43. As a direct and proximate result of the Defendants' actions, plaintiff suffered damage to his reputation, serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss of the enjoyment of life all to his great detriment and loss and has incurred other financial expenses to which he may otherwise be entitled to recover.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against the Defendants for compensatory and punitive damages as would reasonably and properly compensate him together with interest, attorneys' fees and costs of suit.

## COUNT V

## MALICIOUS PROSECUTION

44. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

45. The actions of Defendants, and each of them, in the issuance of a complaint and prosecuting charges against Plaintiff was done without probable cause.

46. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff was caused to be arrested, issued summonses for violations of the laws of the State of New Jersey, and subjected to prosecution for said charges.

47. As a direct and proximate result of each of the Defendants' actions, the Plaintiff was caused to suffer a special grievance due to his loss of liberty and being faced with charges brought against him.

48. The prosecution of the charges against Plaintiff resulted in a favorable termination for the Plaintiff as the charges were administratively dismissed by the Office of the Gloucester County Prosecutor.

49. As a direct and proximate result of the Defendants' actions, and each of them, Plaintiff suffered damage to his reputation, serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, loss of enjoyment of life to his great detriment and loss and has incurred financial expenses, including attorneys' fees to defend the charges that were wrongfully issued against him, to which he may otherwise be entitled to recover.

**WHEREFORE**, the Plaintiff, demands judgment against Defendants, and each of them, for compensatory and punitive damages as would reasonably and properly compensate him, together with interest, attorneys' fees and costs of suit.

## COUNT SIX

Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

50. Defendants Washington Township Police Department, Patrolman Joseph DiBuonaventura, and John Does 1-10 (fictitious names of individuals whose identities cannot reasonably be known at this time), engaged in the heretofore described actions, negligently,

carelessly, recklessly, intentionally, willfully, wantonly and/or in reckless disregard of the rights of the Plaintiff.

51. As a direct and proximate result of the actions of all Defendants, individually, collectively and in the alternative, Plaintiff was caused to suffer a deprivation of his federal and state constitutional rights to be free from illegal stop, seizure and arrest without probably cause; was caused to expend monies for his defense against false charges which were issued against him; was caused to suffer loss of reputation, emotional distress, anxiety, and was otherwise damaged in both his body and his mind, which continues through to and including the present.

**WHEREFORE**, Plaintiff, Paul Moriarty, demands judgment against Defendants, Washington Township Police Department, Patrolman Joseph DiBuonaventura, and John Does 1-10, jointly, severally or in the alternative, for damages, punitive damages, interest, attorneys' fees, cost of suit and for such other relief as this Court may deem just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

POPJOY & KELLY, LLC
Attorneys for Plaintiff

BY: _____
WILLIAM C. POPJOY, III, ESQ.

DATED: April 18, 2014